SUMMARY ORDER
Defendant William Genovese appeals from a judgment of conviction entered on February 2, 2006, in the district court, following his plea of guilty to unlawfully receiving and distributing trade secrets in violation of 18 U.S.C. § 1832. Genovese was sentenced to twenty-four months’ imprisonment, three years of supervised release, including numerous special conditions, and a special assessment of $100. We assume the parties’ familiarity with the facts and procedural history of the ease.
Genovese challenges two conditions of his supervised release: (1) the condition that, if applicable, Genovese register as a sex offender; and (2) the condition requiring Genovese to undergo a sex-offense-specific evaluation and participate in a sex offender and/or mental health treatment program.
“The district court has broad authority pursuant to 18 U.S.C. § 3583(d) to impose any condition of supervised release that it considers to be appropriate, provided such condition ... is ‘reasonably related’ to certain statutory sentencing factors listed in section 3553(a)(1) and (a)(2) of that title, ‘involves no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and *467 is consistent with pertinent Sentencing Commission policy statements.” United States v. Dupes, 513 F.3d 338, 343 (2d Cir.), cert. denied, — U.S. -, 128 S.Ct. 1686, 170 L.Ed.2d 381 (2008). We review the imposition of a condition of supervised release for abuse of discretion. Id. at 342-43. “Any error of law constitutes an abuse of discretion. A challenge to conditions of supervised release that presents an issue of law is generally reviewed de novo, but we review ... claims for plain error [where, as here, the defendant] failed to raise them before the district court at sentencing.” Id. at 343 (citations omitted).
We have held sex-offender registration conditions may be reasonably related to a defendant’s history and characteristics, even if the instant offense of conviction was not sex-related. See id. at 343-44. We note that some courts have found the imposition of sex-offender conditions to be an abuse of discretion in certain circumstances, see, e.g., United States v. Carter, 463 F.3d 526, 527 (6th Cir.2006); United States v. T.M., 330 F.3d 1235, 1237, 1240 (9th Cir.2003); United States v. Scott, 270 F.3d 632, 636 (8th Cir.2001), but find no abuse of discretion in the circumstances of this case.
Given Genovese’s history and characteristics, we find no plain error in the district court’s decision to require specifically that Genovese comply with any otherwise applicable sex-offender registration requirement. See Dupes, 513 F.3d at 344. Genovese properly notes, however, that the written judgment does not track perfectly the oral pronouncement of this condition. Therefore, to avoid any possible confusion in the execution of this judgment, we amend the written judgment to conform to the oral pronouncement. Specifically, on page 3 of the written judgment, the sentence that currently begins “The defendant shall register ...” is amended by inserting the words “If applicable,” so the sentence, as modified by this order, will be consistent with the district court’s controlling oral pronouncement, United States v. Marquez, 506 F.2d 620, 622 (2d Cir.1974), and will read “If applicable, the defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.”
Further, given Genovese’s history and characteristics, we find no plain error in the district court’s decision to require that Genovese undergo a sex-offense-specific evaluation and that he participate in a sex offender and/or mental health treatment program. We think it is clear that this condition requires that Genovese undergo some treatment program, but that the decision of which treatment is appropriate will be based on the results of the evaluation. At oral argument, Genovese argued that the condition, so understood, would impermissibly delegate the decision of whether Genovese would undergo sex offender counseling to his probation officer. We find no plain error in this condition. In contrast to the condition we considered in United States v. Peterson, 248 F.3d 79, 85 (2d Cir.2001), the instant condition makes clear that Genovese is to participate in some sort of treatment; the court has done “nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program.” Id. at 85; see Dupes, 513 F.3d at 342 (noting that a condition requiring Dupes to “undergo a sex-offense-specific evaluation and participate in a sex offender treatment! ]and[/]or mental health treatment program approved by the probation officer” did not delegate too much discretion to the probation officer and distinguishing Peterson on that basis).
Accordingly, for the foregoing reasons, the judgment of the district court is here *468 by AFFIRMED except to the extent that the written judgment is amended in the manner described above.