12-595-cr
*United States v. Zielinski*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                    No. 12-595-cr

JEREMY ZIELINSKI,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | JAMES ANTHONY RESILA, Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY. |
| **FOR APPELLEE:** | ROSS GOLDMAN, Appellate Section, Criminal Division, United States Department of Justice (Lanny A. Breuer, Assistant Attorney General, John D. Buretta, Deputy Assistant Attorney General, Thomas E. Booth, Richard S. Hartunian, United States Attorney for the |

Northern District of New York, Brenda K. Sannes, Robert A. Sharpe, Assistant United States Attorneys, *on the brief*), Washington, DC.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on February 8, 2012 is **AFFIRMED**.

Jeremy Zielinski appeals from a final judgment of the District Court revoking his supervised release and imposing certain sex offender conditions. On appeal, Zielinski argues that (1) the District Court erred by imposing sex offender conditions of supervised release on him because his relevant sex offenses are temporally remote, (2) four of the special conditions are unconstitutional, and (3) the District Court improperly considered certain items of evidence at sentencing. We assume the parties' familiarity with the background of the case, which we reference only as necessary to explain our decision to affirm.

## BACKGROUND

In 2001-2002, Zielinski had occasional inappropriate online conversations with an undercover police officer he believed was a 13-year-old girl. He transmitted images of child pornography to the undercover officer in January 2002, which caused law enforcement officials to search his New York residence. Images of child pornography were seized from Zielinski's computer during the search, and he was arrested in April 2002. While out on bail, Zielinski fled to Florida to avoid prosecution.

Zielinski became involved with a group that promoted online fraud schemes in Florida. In February 2004, law enforcement officials intercepted a package with counterfeit credit cards sent by Zielinski to a confidential informant. Zielinski's home in Florida was searched, and the search revealed movies and images that appeared to be child pornography as well as online chat records, in which Zielinski discussed manufacturing and selling child pornography. Zielinski was arrested on October 29, 2004.

Zielinski then was transferred to New Jersey, where he pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1028(a)(7), before the United States District Court for the District of New Jersey. On June 28, 2006, he was sentenced to 21 months' imprisonment and two years of supervised release.

After serving his federal sentence, Zielinski was transferred to New York state custody on account of his aforementioned actions during 2001-2002. On August 30, 2006, he pleaded guilty, in Warren County Court, to one count of promoting sexual performance by a child, one count of attempted dissemination of indecent material to a minor, and one count of bail jumping; he was sentenced to two-to-six years' imprisonment. While incarcerated in New York, Zielinski was enrolled in a Sex Offender Counseling and Treatment Program, but he was removed from the program for various instances of non-compliance, including possessing pornography on the first day of the program and possessing a book on rape that prison officials seized. On January 14, 2011, the Warren County Court classified Zielinski as a Level 2 Sex Offender; he was released from custody two weeks later and began his term of supervised release.

On November 16, 2011—after Zielinski's case was transferred to the Northern District of New York,[1] and after the United States Probation Office ("Probation Office") learned of Zielinski's state sex offense and bail jumping convictions—the Probation Office petitioned the District Court to add certain sex offender conditions to Zielinski's term of supervised release. It also petitioned the District Court to revoke Zielinski's supervised release because he (1) failed to respond to a letter from the state sex offender registration office, and (2) traveled to New York City without proper authorization.

The District Court held a supervised release violation and modification hearing on February 2, 2012. At the hearing, Zielinski conceded the unlawful travel violation, and the District Court heard evidence regarding the Probation Office's modification petition. The District Court sentenced Zielinski to home confinement for a period of six months. It also imposed sex offender conditions of supervised release on Zielinski, noting that "prophylactic" measures were justified until it could be demonstrated that Zielinski "no longer ha[s] a propensity" to commit sex crimes. This appeal followed.

## DISCUSSION

District courts possess "broad authority . . . to impose any condition of supervised release that [they] consider[ ] to be appropriate, provided such condition . . . is 'reasonably related' to certain statutory sentencing factors listed in section 3553(a)(1) and (a)(2) of [Title 18], 'involves no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and is consistent with pertinent Sentencing Commission policy statements." *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir.), *cert. denied*, 552 U.S. 1272 (2008) (quoting 18 U.S.C. § 3583(d)). We generally review conditions of supervised release imposed by a district court for abuse of

---

[1] The case was transferred to the Northern District of New York because Zielinski lived in that district after being released from New York state custody.

3

discretion, but a challenge to conditions of supervised release that presents an issue of law is generally reviewed *de novo*. *Id.*; *see United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005).

### A. The District Court Properly Imposed Sex Offender Conditions of Supervised Release

We have held that sex offender conditions of supervised release may be reasonably related to a defendant's history and characteristics even though the instant offense was not a sex offense. *See Dupes*, 513 F.3d at 343-44. Although we are aware that some circuits have held that imposing sex-offender conditions can be an abuse of discretion where the past sex offense is temporally remote and minimal intervening circumstances exist, *see, e.g.*, *United States v. Dougan*, 684 F.3d 1030, 1034-37 (10th Cir. 2012) (17 year-old sex offense); *United States v. Carter*, 463 F.3d 526, 527 (6th Cir. 2006) (17 year-old sex offense); *United States v. T.M.*, 330 F.3d 1235, 1237-40 (9th Cir. 2003) (20 year-old sex offense); *United States v. Kent*, 209 F.3d 1073, 1077 (8th Cir. 2000) (13 year-old sex offense), we conclude that the District Court did not abuse its discretion in this case for multiple reasons.

First, the amount of time between Zielinski's relevant sex offense and the District Court's imposition of sex offender conditions of supervised release is shorter than the cases described above and shorter than several cases in which circuits have affirmed the imposition of sex offender conditions of supervised release.[2] *See, e.g.*, *United States v. Smith*, 655 F.3d 839, 847 (8th Cir. 2011) (affirming the imposition of sex offender conditions of supervised release based on a 12 year-old sex offense); *United States v. Genovese*, 311 F. App'x 465 (2d Cir. 2009) (affirming the imposition of sex offender conditions of supervised release 12 years after defendant received his first probationary sentence); *United States v. Brogdon*, 503 F.3d 555, 563-65 (6th Cir. 2007) (affirming the imposition of sex offender conditions of supervised release based on approximately a 12-year-old sex offense).

Second, Zielinski's intervening conduct counsels in favor of affirming the District Court. As noted, a 2004 search of Zielinski's home in Florida revealed movies and images that appeared to be child pornography as well as online chat records, in which Zielinski discussed manufacturing and selling child pornography. Moreover, during his incarceration between 2006 and 2011, Zielinski was removed from the prison's Sex Offender Counseling and Treatment Program for non-compliance, including possessing pornography and a book on rape.

On the facts presented in this appeal, we conclude that Zielinski's relevant sex offense is not too remote so as to justify the imposition of sex offender conditions of supervised release.

---

[2] Specifically, the District Court imposed sex offender conditions on Zielinski less than ten years after a search of Zielinski's home revealed child pornography and less than six years after he pleaded guilty to and was sentenced on account of his relevant sex offenses.

## B. The Special Conditions Imposed Were Appropriate

Zielinski also takes issue with four of the special conditions of his supervised release: (1) a ban on direct and indirect contact with minors without supervision (Special Condition 2); (2) the requirement that he participate in a mental health program approved by the Probation Office (Special Condition 5); (3) the requirement that he submit to various searches on reasonable suspicion (Special Condition 9); and (4) the requirement that he contribute to the cost of any evaluation, treatment, or monitoring to be determined by the Probation Office (Special Condition 11).  His arguments are without merit.

The District Court properly imposed these four challenged special conditions because each of them "is reasonably related to [Zielinski's] history and characteristics . . . , his need for treatment, and the public's need for protection from him." *Dupes*, 513 F.3d at 344.  These conditions are not overly broad or vague, and similar conditions previously have been upheld by this Court or our sister circuits pursuant to § 3583(d).  In *United States v. Johnson*, 446 F.3d 272 (2d Cir. 2006), we approved a ban on direct and indirect contact with minors virtually identical to Special Condition 2. *Id.* at 280-81.  In *Dupes*, we held that a district court had the authority to require that a defendant undergo sex offender treatment (as ordered by Special Condition 5) based on a prior conviction for a sex offense.  513 F.3d at 344.  We approved a special condition relating to searches in *United States v. Jennings*, 652 F.3d 290, 294 (2d Cir. 2011), quite similar to Special Condition 9.  And we have no difficulty affirming the District Court's imposition of Special Condition 11, which requires Zielinski to contribute to the cost of his treatment and monitoring as determined by the Probation Office. *See, e.g.*, *United States v. Soltero*, 510 F.3d 858, 864 & n.5 (9th Cir. 2007); *United States v. Warden*, 291 F.3d 363, 365-66 (5th Cir. 2002).

## C. The Contested Evidentiary Rulings Were Correct

Finally, Zielinski argues that the District Court improperly admitted 11 documents, which described his sex offenses, his subsequent conviction, and his classification as a sex offender.  As district courts maintain "broad discretion over the admission of evidence," *United States v. McDermott*, 245 F.3d 133, 140 (2d Cir. 2001), we review their evidentiary rulings for abuse of discretion only, *United States v. Carthen*, 681 F.3d 94, 100 (2d Cir. 2012).

Despite Zielinski's argument that this evidence should have been precluded under Federal Rule of Evidence 403, "the Federal Rules of Evidence do not apply with their normal force in supervised release revocation [or modification] hearings," *United States v. Bari*, 599 F.3d 176, 179 (2d Cir. 2010), and a district court need only base its findings "on 'verified facts' and 'accurate knowledge,'" *id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  In light of these principles, and after reviewing the record, we conclude that the District Court did not abuse its discretion by considering these documents.

**CONCLUSION**

We have considered all of Zielinski's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the February 8, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk