*United States v. Thomas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                                      19-2410

BERNARD THOMAS,

      *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | PETER J. TOMAO, Garden City, NY |
| For Appellee: | ALICIA N. WASHINGTON, (Amy Busa *on the brief*) Assistant United States Attorney *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Bernard Thomas appeals from an August 15, 2019 amended judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*) sentencing him, after his conviction, following a jury trial, of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), to 51 months' imprisonment and three years' supervised release. In a previous appeal, a panel of this Court vacated Thomas's original sentence of 51 months' imprisonment and three years' supervised release and remanded for resentencing, ordering the district court to first determine whether Thomas had previously been convicted under subdivision 1 of the New York Sexual Abuse in the First Degree statute (New York Penal Law § 130.65) in 1983, and, if so, whether the conviction qualified as a violent felony under the Armed Career Criminal Act ("ACCA").[1] *United States v. Thomas*, 765 F. App'x 553, 558–60 (2d Cir. 2019) (summary order). We declined to reach Thomas's objections to certain special conditions of supervised release, noting that the court could address and reconsider these conditions on remand. *Id*. at 558. At the resentencing hearing, the court again pronounced a sentence principally of 51 months' imprisonment and three years of supervised release. At issue in this appeal are three of four special conditions of supervised release imposed by the court.[2] These conditions require Thomas to be subject, upon reasonable suspicion, to search of his

---

[1] At resentencing all parties agreed that Thomas's conviction did not qualify as a violent felony under ACCA.

[2] Thomas does not challenge a special condition requiring him to participate in a mental health treatment program including anger management.

computer(s) and electronic devices by a United States Probation officer, to undergo a psychosexual evaluation, and to comply with any applicable state or federal sex offender registration requirements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

At the start, district courts possess "broad authority pursuant to 18 U.S.C. § 3583(d) to impose any condition of supervised release that [they] consider[ ] to be appropriate, provided such condition [] is 'reasonably related' to certain statutory sentencing factors listed in section 3553(a)(1) and (a)(2) of that title, 'involves no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and is consistent with pertinent Sentencing Commission policy statements." *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008) (first quoting 18 U.S.C. § 3583(d); and then quoting *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005)). As such, conditions of supervised release must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant [and] the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a). We generally review conditions of supervised release imposed by a district court for abuse of discretion, but a challenge to conditions of supervised release that presents an issue of law is generally reviewed *de novo*. *Dupes*, 513 F.3d at 342–43.

## A. Special Condition Two

Thomas argues that the district court erred in imposing Special Condition Two to the extent that this search condition applies not only to his "person, house, property, and residence," but also

3

"requires the Defendant [to] submit his . . . computers []as defined by 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media" to searches conducted by a United States Probation Officer on the basis of reasonable suspicion. Thomas argues that the condition, as applied to computers or other electronic devices, is not reasonably related to his criminal history and characteristics. For the following reasons, we disagree.

We have frequently approved of such conditions where the conduct underlying a conviction or prior conviction has involved the use of computers or other electronic devices. *See, e.g.*, *United States v. Franco*, 733 F. App'x 13, 16 (2d Cir. 2018) (summary order) (upholding a computer search condition where the defendant's prior convictions involved the use of a computer). Here, the district court noted that Thomas had used electronic devices in the conduct leading up to his instant conviction, likely referring to Thomas's cellphone contacts with his New York Police Department handlers, and also reasoned that at least one of Thomas's prior convictions involved an accomplice, justifying (upon reasonable suspicion) the potential search of these devices for communications with others. J.A. at 188–89. The court specifically noted that because of Thomas's "current offense of conviction and his extensive history of possessing weapons and contraband," the search condition "is warranted to protect the community and to deter further criminal activity." *Id.* As such, the condition was supported by Thomas's history and characteristics, did not work a greater deprivation of liberty than necessary, and was thus not an abuse of discretion for the district court to order.[3]

---

[3] Thomas further argues that the special condition is inconsistent with the relevant policy behind such conditions announced in U.S.S.G. § 5D1.3(d)(7)(C) because his instant conviction is not a sex offense. Section 5D1.3(d) does not restrict the search condition challenged here to sexual offenses, however, but instead explicitly provides that such conditions may be appropriate in other types of cases. For the reasons already noted, we discern no abuse of discretion in the district court's determination that the condition was appropriate in this case.

**B.**

**C. Special Condition Three**

Thomas next contests Special Condition Three, which requires him to submit to a psychosexual evaluation, on the grounds that his instant conviction did not involve sexual acts and that his prior conviction for sexual abuse is too remote to justify the condition. We disagree.

Sentencing courts in appropriate cases have broad discretion to impose special release conditions related to the defendant's sexual behavior even when the instant conviction does not involve a sexual offense. *See Dupes*, 513 F.3d at 343–44 (upholding conditions requiring the defendant to, *inter alia*, attend sex offender treatment where his instant conviction was for securities fraud). Here, as part of its discussion of the sentencing factors of 18 U.S.C. § 3553(a), the district court recounted Thomas's criminal history, which includes criminal possession of stolen property, attempted robbery and robbery, resisting arrest, narcotics offenses, and assault, and noted that in 1983 when Thomas was 17 years old, he was convicted of first-degree sexual abuse in violation of New York Penal Law § 130.65 in connection with his abuse of a mentally challenged 15-year-old girl. The court acknowledged Thomas's arguments that the current conviction did not involve a sexual offense and that Thomas's conviction for sexual abuse was remote in time, but stated that Thomas's history of sexual abuse and overall characteristics justified a condition requiring him to be evaluated. J.A. at 189–90. The court also noted that Thomas's prior sentence in state court had required him to attend treatment when he was released in 2014, but that the length of the intake process prevented Thomas from receiving treatment. *Id.* at 190. The court stated that now that there is sufficient time to complete an evaluation, Thomas should be subject to the condition. *Id.*

5

We discern no abuse of discretion in this determination. Although Thomas points to cases from our sister circuits disfavoring reliance on distant-in-time convictions to support special conditions of supervised release in some circumstances, *see, e.g.*, *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003), we have not taken this approach, but have approved the consideration of even distant convictions in appropriate cases, *see, e.g.*, *Dupes*, 513 F.3d at 343–44 (affirming imposition sex offender conditions of supervised release eight years after defendant's offense); *see also United States v. Fields*, 777 F.3d 799, 803 (5th Cir. 2015) (upholding a condition of supervised release prohibiting the defendant from "going to places where a minor or minors are *known to frequent* without prior approval" where the defendant's last sexual offense occurred twenty-five years before). Further, the instant condition merely requires Thomas to submit to an evaluation and does not necessarily require any further deprivation of Thomas's liberty after the evaluation is complete, unlike treatment conditions that we have upheld in the past. *See, e.g.*, *United States v. Genovese*, 311 F. App'x 465, 466–67 (2d Cir. 2009) (summary order) (approving of a condition of supervised release which required participation in sex offender treatment programs where the defendant's conviction occurred twelve years previously). Given Thomas's criminal history and the serious conduct involved in his conviction for sexual abuse in particular, the district court did not abuse its discretion in concluding that the special condition was appropriate.

### D. Special Condition Four

Finally, Thomas argues that the district court erred in imposing Special Condition Four, which requires him to "comply with any applicable state or federal sex offender registration requirements as instructed by the probation office, the Bureau of Prisons, or any state registration agency in the state where he resides, works, or is a student." J.A. at 222. Thomas argues that Special Condition Four is duplicative of Mandatory Condition Six, not challenged on appeal,

which requires Thomas to "comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901 et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student or were convicted of a qualifying offense."   J.A. at 220.   He argues that the district court abused its discretion by imposing a condition that is redundant and potentially subject to misinterpretation in light of the parties' agreement that Thomas, a New York resident, is not required to register as a sex offender under New York law.   We disagree.

Special Condition Four merely requires Thomas to comply with applicable law.   It therefore imposes no additional obligations upon him beyond what state and federal law require. And while there may be overlap between Special Condition Four and Mandatory Condition Six, we disagree with Thomas that Special Condition Four is merely a restatement of that mandatory condition.   Mandatory Condition Six requires compliance with federal law.   The parties agree that as a New York resident, Thomas is not now required to register in New York under state law. Special Condition Four is not limited to New York, however, nor to the present, but requires Thomas to comply with the law of any state in which Thomas may in future reside, work, or study, or to New York requirements, should they be altered.   As such, Special Condition Four is not duplicative of Mandatory Condition Six, is reasonably related to Thomas's history and characteristics, and does not work a greater deprivation of liberty than necessary.   The district court therefore did not abuse its discretion in imposing the condition.

*     *     *

We have considered Thomas's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk