05-5522-cr(L)
United States v. Dupes

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2007
(Argued: November 19, 2007     Decided: January 9, 2008)
Docket Nos. 05-5522-cr(L) 06-1337-cr(CON)

----------------------------------------------x

UNITED STATES OF AMERICA,

Appellee,

-- v. --

ROBERT H. DUPES and HURSON BELIZAIRE[*],

Defendants-Appellants.

----------------------------------------------x

B e f o r e :   WALKER and CALABRESI, Circuit Judges, and KEENAN, District Judge.[**]

Defendant appeals from a sentence imposed in the United States District Court for the Southern District of New York (Pauley, Judge) following a guilty plea to securities fraud and conspiracy to commit securities fraud, including an order of restitution pursuant to the Mandatory Victim Restitution Act and special conditions of supervised release relating to defendant's prior sex offenses.

AFFIRMED

---

[*] 06-1337-cr(CON)CLOSED-withdrawn by stipulation filed May 30, 2006.

[**] The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

STEVEN D. FELDMAN, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

DAVID SAMEL, New York, N.Y., for Defendant-Appellant.

KEENAN, District Judge:

## Introduction

This is an appeal from a sentence imposed by William H. Pauley III, United States District Judge for the Southern District of New York. Following a guilty plea to securities fraud and conspiracy to commit securities fraud, the district court sentenced defendant-appellant Robert H. Dupes to prison for thirty-eight months, to be followed by three years of supervised release. The court also ordered Dupes to make full restitution to his victims in an amount determined by the court pursuant to the Mandatory Victim Restitution Act. On appeal, Dupes claims that the imposition of special conditions of supervised release relating to his prior sex offenses exceeded the district court's statutory authority and violated the Double Jeopardy Clause and the Tenth Amendment. Dupes also challenges his order of restitution under the Sixth Amendment. For the reasons stated below, we affirm the sentence imposed by the district court.

## Background

Around June of 1999, Dupes and a co-conspirator founded a company called Internet Holdings.com ("Internet Holdings"), a Delaware limited liability company headquartered in New York. Internet Holdings was purportedly organized to raise capital to acquire privately held companies and take them public through initial public offerings and other transactions. From the company's establishment until September 2000, it issued securities to investors from its Manhattan offices through private placement memoranda and other solicitations that contained material misrepresentations. Dupes, the President and Chief Operating Officer of the company, and his co-conspirators converted nearly all of the proceeds of the securities offering to their own personal use, defrauding twenty-four investors of approximately $765,000.

Dupes was arrested in Colorado in August of 2000 on unrelated federal charges of interstate travel to have sex with a minor. Following that arrest, the federal government initiated an investigation of him in New York. Officials executed a search warrant at his Manhattan apartment and seized a home computer containing child pornography. Dupes pled guilty to possession of child pornography and received a sentence of twenty-seven months' imprisonment. He also pled guilty to the charges stemming from his Colorado arrest for interstate travel to have sex with a

3

minor and received a sentence of twelve months' imprisonment, to run consecutively with the child pornography sentence. In October of 2003, Dupes was released from prison and began serving a term of supervised release.

In May of 2004, Dupes and five of his co-conspirators in the Internet Holdings scheme were charged by indictment with securities fraud and conspiracy to commit securities fraud. Dupes pled guilty to both counts. At an October 2005 sentencing hearing, Judge Pauley sentenced Dupes to thirty-eight months' imprisonment to be followed by three years of supervised release, running concurrently on both counts.[1] In addition to the mandatory and standard conditions of supervised release, the court imposed several special conditions relating to Dupes's prior sex offenses. The court adopted these special conditions from the presentence report that the probation office had prepared. Special Condition 8 required Dupes to "undergo a sex-offense-specific evaluation and participate in a sex offender treatment/and or [sic] mental health treatment program approved by the probation officer." It further required him to "waive his right of confidentiality in any records for mental health

---

[1] It could be argued that this appeal highlights the old adage that "no good deed remains unpunished." The district court imposed a sentence below the advisory Guidelines range of fifty-seven to seventy-one months because of Dupes's distinguished record of military service, because the delay in prosecuting him allowed sex offenses committed after the Internet Holdings conspiracy to enhance his Guidelines range, and because Dupes's co-conspirator, the architect of several fraudulent securities schemes, received only a thirty-seven month sentence.

assessment and treatment imposed as a consequence of this judgment to allow the probation officer to review the defendant's course of treatment and progress with the treatment provider."

Special Condition 9 directed Dupes to

> register with the state sex offender registration agency in any state in which [he] resides, is employed, carries on a vocation or is a student, as directed by the probation officer. The defendant shall adhere to the registration and notification procedures of the state in which [he] resides.

The presentence report had limited the registration requirement with the words "if applicable." Special Condition 10 barred Dupes from having deliberate contact with any child under the age of seventeen and required him to stay more than one hundred feet from places primarily used by children such as schoolyards, playgrounds and arcades. Special Condition 11 forbade the use of a computer to access child pornography or to communicate with other individuals or groups for the purpose of promoting sexual relations with children, and provided for monitoring of Dupes's computer usage by the probation office. At sentencing, the district court informed Dupes that it had "crafted this sentence in an effort to take account of the good things that you have done and also to protect the community from the bad things that you have done."

The district court also imposed restitution against Dupes in the amount of $765,000, the amount recommended in the presentence report as the total loss caused by the Internet

5

Holdings scheme to its twenty-four victim-investors. Dupes's counsel confirmed at an earlier hearing that he had reviewed the presentence report with his client and had no objections to the factual matters set forth therein. Prior to this appeal, Dupes never objected to the special conditions of supervised release or the amount of restitution recommended in the presentence report.

**Discussion**

Dupes challenges his special conditions of supervised release on three grounds. First, he claims that the imposition of special conditions of supervised release relating to his prior sex offenses violates the Double Jeopardy Clause. Second, he asserts that the requirement that he waive therapeutic confidentiality in connection with court-ordered sex offender treatment exceeds the sentencing court's authority under 18 U.S.C. § 3583(d) and section 5D1.3(b) of the U.S. Sentencing Guidelines ("U.S.S.G."). Third, he argues that the condition requiring his registration as a sex offender with state agencies violates the Tenth Amendment. Dupes also attacks the constitutionality of his restitution order, claiming that the Mandatory Victim Restitution Act ("MVRA") violates the Sixth Amendment under the principles established in the Apprendi-Ring-Booker-Blakely line of cases. Finally, Dupes has submitted a supplemental pro se brief raising various other challenges to his conviction and sentence.

6

I. Conditions of Supervised Release

A. Standard of Review

The propriety of conditions of supervised release are judged by an abuse of discretion standard. United States v. Brown, 402 F.3d 133, 136 (2d Cir. 2005). Although the district court enjoys broad discretion in imposing these conditions, its discretion is not "untrammeled" and "our Court will carefully scrutinize unusual and severe conditions." United States v. Myers, 426 F.3d 117, 124 (2d Cir. 2005) (internal citations and quotation marks omitted). Any error of law constitutes an abuse of discretion. See United States v. Johnson, 446 F.3d 272, 277 (2d Cir. 2006). A challenge to conditions of supervised release that presents an issue of law is generally reviewed de novo, id., but we review Dupes's claims for plain error because he failed to raise them before the district court at sentencing. United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002).[2] Under the plain error standard, before an appellate court can correct an error

---

[2] Dupes argues that we should relax the plain error standard of review as we did in United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002). In Sofsky, we noted that "in the sentencing context there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors." Id. We applied plain error standards less rigorously because the presentence report failed to give the defendant notice that the condition of supervised release might be imposed. Id. at 125-26. In this case, the presentence report, which Dupes reviewed with counsel, recommended the conditions to which he failed to object and now challenges on appeal. We see no circumstances warranting the relaxation of the plain error standard in this case.

not raised below, there must be (1) an error, (2) that is plain and (3) that affects substantial rights.  If these conditions are met, an appellate court may then exercise its discretion to correct the error, but only if it seriously affects the fairness, integrity or public reputation of judicial proceedings. See id. at 125 n.2 (citing Jones v. United States, 527 U.S. 373, 389 (1999)).

B.  Merits

1. The Double Jeopardy Claim

The Double Jeopardy Clause protects a defendant from successive punishments for the same criminal offense. United States v. Dixon, 509 U.S. 688, 696 (1993).  Dupes claims that the district court violated the prohibition against double jeopardy by imposing a punishment relating to the two sex offenses for which he previously had been sentenced.  We cannot agree.  The challenged conditions of supervised release are an authorized punishment for Dupes's securities fraud conviction, not a successive punishment for his prior sex offense convictions.

The district court has broad authority pursuant to 18 U.S.C. § 3583(d) to impose any condition of supervised release that it considers to be appropriate, provided such condition ;4107;4108;4107;4108is "reasonably related" to certain statutory sentencing factors listed in section 3553(a)(1) and (a)(2) of that title, "involves no greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes of

8

sentencing, and is consistent with pertinent Sentencing Commission policy statements. 18 U.S.C. § 3583(d); <u>Myers</u>, 426 F.3d at 123-124.  The factors of section 3553(a)(1) and (a)(2) to which conditions of supervised release must be reasonably related are also set forth in U.S.S.G. § 5D1.3(b)(1):

> (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

U.S.S.G. § 5D1.3(b)(1);4152;4152.  A condition of supervised release need only be reasonably related to any one of these factors. <u>United States v. Abrar</u>, 58 F.3d 43, 46 (2d Cir. 1995).

It was within the district court's authority to impose the challenged special conditions as part of Dupes's sentence for his securities fraud offense.  Each of the conditions—that Dupes attend sex offender treatment, register as a sex offender, keep a distance from children and the places where they usually congregate, and refrain from using the internet to download child pornography or promote sexual relations with children—is reasonably related to Dupe's history and characteristics as a sex offender, his need for treatment, and the public's need for protection from him.  Moreover, the conditions are neither excessively restrictive nor inconsistent with the statutory purposes of sentencing.  We have previously found section 3583(d)

9

to authorize the imposition of similar conditions following a conviction for a non-sex offense, provided such conditions are not overly broad or vague. In United States v. Peterson*,* 248 F.3d 79, 84-86 (2d Cir. 2001), we stated that a district court had authority to require a defendant, following his conviction for bank larceny, to undergo sex offender treatment and to stay away from places where children typically congregate, based on the defendant's prior conviction for sexually abusing a child.[3] Similarly, in United States v. Rosario, 386 F.3d 166 (2d Cir. 2004), we affirmed a special condition requiring sex offender registration following the defendant's conviction for a drug-related offense where he had previously been convicted of sexually abusing a child. Because the conditions imposed upon Dupes are a lawful punishment for his current securities fraud offense, the conditions cannot be considered a successive punishment for his prior sex offense convictions and there is no Double Jeopardy violation. Accord United States v. Sines, 303 F.3d 793, 801 (7th Cir. 2002).

2. Waiver of Therapeutic Confidentiality

In connection with the requirement that Dupes attend a sex offender and/or mental health treatment program approved by his probation officer, the district court ordered him to waive

---

[3] In Peterson, we nonetheless vacated the conditions on grounds that they delegated too much discretion to the probation officer and contained ambiguous language making them potentially over-broad. 248 F.3d at 84-86. These infirmities are not present in the conditions imposed upon Dupes.

10

therapeutic confidentiality in "any records for mental health assessment and treatment . . . to allow the probation officer to review the defendant's course of treatment and progress with the treatment provider." Dupes claims that the court abused its discretion by ordering this waiver pursuant to section 3583(d) because it is not reasonably related to his rehabilitation or the protection of the public. Treatment will not be effective without the assurance of confidentiality, Dupes asserts, and the public will not be protected by requiring him to undergo ineffective treatment. See generally Jaffee v. Redmond, 518 U.S. 1 (1996) (recognizing the psychotherapist-patient privilege and noting that effective psychotherapy depends upon confidentiality).

While it could be argued that the waiver condition may retard Dupes's treatment, it very well may advance his treatment by allowing the probation officer to monitor Dupes's progress and, if necessary, make adjustments to his court-ordered therapy program. See United States v. Lopez, 258 F.3d 1053, 1057 (9th Cir. 2001) (upholding a condition requiring release of records of mental health evaluations and treatment because "[t]he sentencing judge could well conclude that disclosure to the court and to the probation officer of information about [defendant's] status was necessary for successfully supervising his reintegration into society"). Moreover, allowing the probation officer access to information about Dupes's treatment could reasonably further

11

public safety regardless of whether the treatment is effective or not. Cf. United States v. Cooper, 171 F.3d 582, 587 (8th Cir.1999) (upholding condition granting probation officer full access to defendant's psychiatric and medical records because it "reasonably amplifie[d]" the standard condition of answering the probation officer's questions truthfully). Therefore, we cannot conclude that the district court's determination that the waiver reasonably relates to Dupes's rehabilitation and the public safety is an abuse of discretion seriously affecting the fairness, integrity or public reputation of the judicial proceedings.

### 3. The Tenth Amendment Claim

We have recognized that a federal court in the exercise of its considerable discretion to impose sentence may not transgress the principles of federalism inherent in the Tenth Amendment. United Stated v. Rosario, 386 F.3d 166, 171 (2d Cir. 2004) (citing United States v. A-Abras, Inc., 185 F.3d 26, 33 (2d Cir. 1999)). In Rosario, we held that a condition of supervised release requiring registration as a sex offender with state registration agencies "where applicable" does not violate the Tenth Amendment because it merely required the defendant to meet his state-imposed obligations and involved no undue intrusion upon state authority. Id. at 172. In this case, the absence of the words "where applicable" in the condition requiring Dupes's registration creates no conflict with federalism. The condition

12

orders Dupes to register as directed by his probation officer and to "adhere to the registration and notification procedures of the state in which [he] resides." We interpret this to mean, as does the Government, that Dupes must notify the relevant agencies of his status as a convicted sex offender. The condition imposes no obligation upon state agencies to maintain Dupes on their registries if applicable state law would not so require. If a state has no sex offender registration agency, the condition obviously would not require that state to set one up just for Dupes. Because the condition merely directs Dupes to take action to register and demands no action of any state beyond that which the state has elected to undertake whenever a sex offender complies with its registration laws, the condition does not run afoul of the Tenth Amendment. See id.

II.  The Sixth Amendment Challenge to the Restitution Order

The MVRA makes full restitution mandatory for certain crimes, including securities fraud, 18 U.S.C. § 3663A, and requires a court to determine the total amount of loss to each victim. Id. § 3664 (f)(1)(A).  Dupes argues that the Sixth Amendment, as interpreted in the line of cases from Apprendi through Booker, requires that the amount of loss serving as the basis of a restitution order be found by a jury beyond a reasonable doubt or admitted by the defendant. We have already held in United States v. Reifler, 446 F.3d 65, 116 (2d Cir. 2006) that "there is no constitutional requirement that the facts

13

needed for the district court's fashioning of a restitution order be found by a jury beyond a reasonable doubt."  Dupes concedes that Reifler "squarely rejected" his Sixth Amendment claim but urges us to reconsider our holding in that case. Pet'r Br. at 16.  As no intervening Supreme Court decision has called our decision in Reifler into doubt, we are without authority to overrule it. See Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 327 (2d Cir. 2004).

**Conclusion**

We have considered the additional challenges to his conviction and sentence that Dupes has raised in a pro se brief and find them to be without merit.  For the reasons stated above, the district court is affirmed in all respects.

14