United States v. Quinones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
        DENNIS JACOBS,
                Chief Judge,
        RALPH K. WINTER,
        REENA RAGGI,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

United States,
        Appellee,

                                        10-4336-pr(L)
        -v.-                            10-4362-pr(CON)
                                        10-4418-pr(CON)*
Anthony Velez, Felix Santiago,          11-630-pr(CON)
        Defendants-Appellants,

Alberto Quinones, Manuel Reyes, Jr.,
        Defendants.
- - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT SANTIAGO:    Marjorie M. Smith,
                                     Piermont, NY.


    * 10-4418-pr (Con) was dismissed by the order filed July 19, 2011.

**FOR DEFENDANT-APPELLANT VELEZ:** Stanislao A. German, Law Office of Stanislao A. German, New York, NY.

**FOR APPELLEE UNITED STATES:** Zachary Feingold (Katherine Polk Failla, <u>on the brief</u>), Assistant United States Attorney, <u>for</u> Preet Bharara, United States Attorney, Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

This appeal arises out of the prosecutions, guilty pleas, convictions, and sentences of the two Defendants-Appellants, Anthony Velez and Felix Santiago.  Velez appeals his judgment of conviction on the grounds that the district court erred in refusing to allow withdrawal of his guilty plea.  Santiago appeals the length and one of the conditions of his term of supervised release.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

**[1]** We review for abuse of discretion a district court's decision denying a motion to withdraw a guilty plea without a hearing. United States v. Doe, 537 F.3d 204, 211-12 (2d Cir. 2008). We affirm for substantially the same reasons stated in the district court's thorough and well-reasoned decision.

Velez argues that the district court erred by failing to hold an evidentiary hearing. We disagree. For the purposes of deciding Velez's motion to withdraw his plea, the district court assumed the truth of Velez's factual assertions in concluding that he failed to establish "a fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 11(d)(2)(B); see Doe, 537 F.3d at 210. Moreover, during his allocution, Velez affirmed that his plea was knowing and voluntary and that he was satisfied with his representation. These admissions are "a formidable barrier" to challenging the validity of the plea because they "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Velez has not overcome his own admissions.

Santiago raises two challenges to his order of supervised release. Neither is persuasive.

**[2]** Congress mandates a term of supervised release of at least three years for a conviction for conspiracy to

3

distribute and to possess narcotics with the intent to distribute. 21 U.S.C. § 841(b)(1)(C). The district court did not abuse its discretion by imposing a five-year term of supervision for Santiago. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (identifying abuse of discretion as the standard of review).

Judge Cote justified the five-year term of supervision on the basis of Santiago's substantial risk of recidivism. The risk is considerable; Santiago had resumed essentially the same criminal conduct upon his release from imprisonment for crimes similar to those that resulted in his arrest and conviction here. Given his quick return to criminal activity after his previous term of incarceration, his Category V Criminal History, and the need to afford adequate deterrence to Santiago and others, the district court did not abuse its discretion in concluding that Santiago needs more than the statutory minimum term of supervised release. See 18 U.S.C. § 3583 (identifying factors to consider in determining appropriate term of supervision).

Santiago contends that the district court was operating under the erroneous assumption that the statutory minimum term of supervision for Santiago's conviction was five years. Santiago relies on a statement made during his plea conference nearly three months before the sentencing

4

hearing, and before the Pre-Sentencing Report, which reflects the correct minimum term of supervision.  There is no indication that the district court was influenced by any such assumption.

**[3]** Santiago also challenges the district court's imposition of a special order of supervision that bars him from incurring any new credit card charges or opening any new credit lines without the permission of the Probation Office.

"[T]rial courts traditionally have enjoyed broad discretion to tailor the conditions of probation [i.e., supervised release] to the particular circumstances of each case, provided that such conditions are reasonably related to the dual goals of rehabilitating the offender and protecting the public."  United States v. A-Abras Inc., 185 F.3d 26, 30 (2d Cir. 1999).  A district court can impose a special condition to the extent that such condition is "reasonably related" to: (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (c) the need to protect the public from further crimes of the defendant; and (d) the need to provide the defendant with needed educational or vocational training, medical care, or other

correctional treatment in the most effective manner.  18 U.S.C. § 3583(d)(1).  "A condition of supervised release need only be reasonably related to any one of these factors."  United States v. Dupes, 513 F.3d 338, 344 (2d Cir. 2008).  Any special condition of supervised release must also be consistent with "pertinent policy statements issued by the Sentencing Commission" and "involve[] no greater deprivation of liberty than is reasonably necessary."  18 U.S.C. § 3583(d).

The Pre-Sentencing Report reported that Santiago has substantial debt and virtually no legitimate means of servicing his debt.  This suggests that Santiago's debt was incurred, in part, to finance his illegal activities and that his inability to legitimately pay off the debt increases the likelihood that he will resort to criminal activity to service his debt.

Santiago argues that this type of condition is unwarranted because no restitution or fine was imposed.  See U.S.S.G. § 5D1.3(d)(2).  However, the condition can be imposed in any case in which it may be appropriate.  See U.S.S.G. § 5D1.3(d); see also 18 U.S.C. § 3583(d) (providing that a district court can impose conditions it "considers to be appropriate").  The district court acted within its discretion in imposing a special condition.

We have considered all of the Defendants-Appellants' remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is affirmed.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk