11-5290-cr
United States v. Aldrich

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand twelve,

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges*.
_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                              11-5290-cr

PAUL N. ALDRICH,

                     *Defendant-Appellant*.
_____

Appearing for Appellant:     Molly Corbett, Office of the Federal Public Defender, (Lisa A. Peebles, Interim Federal Public Defender, *on the brief*), Albany, NY

Appearing for Appellee:     Brenda K. Sannes, Assistant United States Attorney, (Carlos A. Moreno, Assistant United States Attorney, *on the brief*), *for* Richard Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Paul Aldrich appeals the modification of his terms of supervised release by the district court via order on December 13, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo the district court's determination that it had jurisdiction to modify the terms of Aldrich's supervised release. Insofar as Aldrich might be understood to challenge jurisdiction by arguing that his supervised release term ran and concluded after he completed his criminal sentence but remained in the custody of the Bureau of Prisons ("BOP") pending a civil commitment determination under 18 U.S.C. § 4248, he raises a question unanswered in this Circuit. In this case, we need not answer this question because, as part of the settlement of his § 4248 proceedings, Aldrich had already stipulated that his term of supervised release had not commenced while he remained in BOP custody. Where a defendant has secured the benefits of a knowing and voluntary agreement, the terms of that agreement will generally be enforced. *See, e.g.*, *United States v. Rosa*, 123 F.3d 94, 97 (2d Cir. 1997) (enforcing an appeal waiver); *see also Tobey v. United States*, 470 F. App'x 113, 2012 WL 1073022 (4th Cir. 2012) (unpublished) (determining that similar plea agreement mooted appeal of district court finding that supervised release was stayed pending civil commitment proceeding); *United States v. Katon*, 03-CR-110, 2011 WL 4744906 (D. Vt. Oct. 6, 2011).

We review the district court's modifications of Aldrich's conditions of supervised release for abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 342-43 (2d Cir. 2008). We find that the district court appropriately modified the terms of Aldrich's supervised release by considering the factors enumerated in 18 U.S.C. § 3553(a) as required by 18 U.S.C. § 3583(e).

Aldrich's argument that his delay in receiving a civil commitment hearing constituted a violation of due process sufficient to vacate his remaining term of supervised release was not raised below. His contention therefore fails unless the claimed error meets the standard of "plain error." Fed. R. Crim. Pro. 52(b). It does not.

We find Aldrich's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2