12-399-cr
United States of America v. Reynolds

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 14th day of June, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.
             RICHARD W. GOLDBERG,[*]
                      *Judge*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

          -v-                                   12-399-cr

BRUCE S. REYNOLDS,

                              *Defendant-Appellant*.

_____

Appearing for Appellant:     Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, *of counsel* (Robert G. Smith, Assistant Federal Public Defender, Western District of New York, *on the brief*), Rochester, NY

Appearing for Appellee:      Stephan J. Baczynski, Assistant United States Attorney for the Western District of New York (William J. Hochul Jr., United States Attorney, *on the brief*), Buffalo, NY

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Bruce Reynolds appeals from the January 26, 2012 judgment entered by the United States District Court for the Western District of New York (Larimer, J.) sentencing him principally to 102 months' imprisonment and a 15-year term of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pursuant to an agreement with the government, Reynolds pleaded guilty to one count possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). In the plea agreement, both sides calculated an applicable sentencing guidelines range of 70 to 87 months' imprisonment. However, the presentence report ("PSR") calculated a Guidelines range of up to 120 months' imprisonment. The different calculation resulted from the testimony of a previously unknown witness who came forward after Reynolds' plea was accepted, but before Reynolds was sentenced. The witness told the government that Reynolds had molested him as a child. Based on the witness statement, probation applied a five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, U.S.S.G. § 2G2.2(b)(5).

The government adopted the recommendation set forth in the PSR and advocated for Reynolds to be sentenced to 120 months' imprisonment, which Reynolds argues is a breach of the plea agreement. We disagree. The plain language set forth in Paragraph 17(d) of the plea agreement allowed the government to "modify its position with respect to any sentencing recommendation" if "the government receives previously unknown information regarding the recommendation or factor." There is nothing ambiguous in the language of Paragraph 17(d) – if the government receives new, relevant information after sentencing, it can change its sentencing recommendation. The record demonstrates the government learned of the abuse allegations only after Reynolds pleaded guilty. The allegations are "previously unknown information" relevant to the government's sentencing recommendation. The plea agreement was not breached.

Reynolds also challenges the district court's imposition of a special condition on Reynolds' supervised release: he was required to "provide the U.S. Probation Office with access to any requested personal and/or business financial information." The district court stated the condition was necessary "to assist [Probation] in making sure you're not accessing inappropriate media, matters relating to child pornography." Reynolds argues this special condition is not reasonably related to the nature and circumstances of his offense, and is a greater deprivation of liberty than is necessary. "The propriety of conditions of supervised release are judged by an abuse of discretion standard." *United States v. Dupes*, 513 F.3d 338, 342 (2d Cir. 2008). "Although the district court enjoys broad discretion in imposing these conditions, its discretion is not 'untrammeled' and 'our Court will carefully scrutinize unusual and severe conditions.'" *Id.* (citation omitted). To fall within the district court's discretion, "[a] condition of supervised release need only be reasonably related to any one of" the factors set forth in U.S.S.G. § 5D1.3(b). *Id.* at 344.

2

Reynolds argues the condition is not reasonably related to the nature of his offense because he was trading images of child pornography, not purchasing child pornography. The government argues that the special condition is reasonably related to Reynold's characteristics because the record before the district court indicates Reynolds had a history of spending large amounts of money under suspicious circumstances. In *United States v. Brown*, our Court held that while "it is true that we generally have affirmed special conditions mandating access to financial information only in cases where the sentence included a fine or restitution," the Guidelines do not "preclude a court from requiring financial disclosure in other 'appropriate' situations." 402 F.3d 133, 136 (2d Cir. 2005) (citing U.S.S.G. § 5D1.3(d)). Given Reynolds' financial history, we find the district court did not abuse its discretion in imposing the financial monitoring special condition.

We have examined the remainder of the arguments raised by Reynolds and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk