13-2898-cr
*United States v. Sloley*

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of June, two thousand fourteen

PRESENT:
>> RALPH K. WINTER,
>> JOHN M. WALKER, JR.,
>> JOSÉ A. CABRANES,
>>> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>> *Appellee,*

>> v.                                                  No. 13-2898-cr

MAXMILLIAN SLOLEY, AKA RONNIE PERRY, AKA
"MAXMILLIAN," AKA "JERRY EBANKS," AKA
"KEVIN MADISON," AKA "MAXMILLIAN SLOLEY,"

>> *Defendant-Appellant.*

---

**FOR APPELLEE:**                          Amy Lester (Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

1

**FOR DEFENDANT-APPELLANT:**                    Justine Aleta Harris, Kristen M.
                                                Santillo, Colson & Harris LLP, New
                                                York, NY.


Appeal from a July 18, 2013 Memorandum & Order of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.


Appellant Maxmillian Sloley ("Sloley") challenges two conditions of his supervised release ordered by the District Court. These conditions were ordered during a violation proceeding at which Sloley admitted having violated the terms of his original supervised release by, *inter alia*, committing the state crime of harassment and leaving the judicial district without permission on two occasions. At that proceeding, the District Court sentenced Sloley to 14 months' imprisonment and 20 months' supervised release, which included two special conditions that Sloley's attorney objected to in the District Court and now contests on appeal.

The first is a condition limiting Sloley's travel to the Southern and Eastern Districts of New York without permission from the District Court or probation. Sloley argues that this violates the requirement of 18 U.S.C. § 3583(d)(2) that special supervised release conditions involve no greater deprivation of liberty than is necessary to achieve the goals of sentencing, and that it is not "narrowly tailored" to meet a compelling government interest.

The second condition challenged by Sloley is the requirement that he be subject to 20 months of continuous GPS monitoring. Sloley argues that this also violates 18 U.S.C. § 3583(d)(2), as well as his Fourth Amendment right to be free from unjustified searches, and is not narrowly tailored to achieve the goals of sentencing.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The propriety of conditions of supervised release are judged by an abuse of discretion standard," and "[a]lthough the district court enjoys broad discretion in imposing these conditions, its discretion is not 'untrammeled' . . . our Court will carefully scrutinize unusual and severe conditions." *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). Conditions of supervised release must also "involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing." *United States v. Myers*, 426 F.3d 117, 124 (2d Cir. 2005) (internal quotation marks omitted). "A challenge to conditions of supervised release that presents an issue of law is generally reviewed *de novo*." *Dupes*, 513 F.3d at 343.

The United States Sentencing Guidelines § 5D1.3(c)(1) states that a "standard" condition recommended for supervised release is that "the defendant shall not leave the judicial district or other specific geographic area without the permission of the court." These "standard" conditions are

2

"presumed suitable in all cases." *United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002). We conclude that it was well within the District Court's discretion to order Sloley to remain in a particular geographic area.

Second, Sloley argues that the District Court abused its discretion in imposing GPS monitoring because his history does not warrant such an imposition. He does not challenge the District Court's ability to impose such a condition, only its appropriateness to his case. We conclude that the District Court acted within its discretion in imposing GPS monitoring. Sloley concedes that he has a "history of violating conditions of supervised release" and has "twice violated for leaving the jurisdiction." Appellant Br. at 23. Thus, the Court could reasonably question whether Sloley would abide by the travel restrictions, and GPS monitoring provides an appropriate means of ensuring that he does.

## CONCLUSION

We have considered all of Sloley's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk