19-1806-cr
*United States v. Francois*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand twenty.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           PETER W. HALL,
                   *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                   *Appellee,*                          19-1806-cr

          v.

DUVAL FRANCOIS,

                   *Defendant-Appellant.*

_____

FOR APPELLEE:                     ELINOR TARLOW (Thomas McKay *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:          EUNICE C. LEE, Federal Defenders of New York, New York, NY.

Appeal from a June 20, 2019 judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Duval Francois ("Francois") pleaded guilty to possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2. He was sentenced principally to 120 months of imprisonment and five years of supervised release. As one of the conditions of his supervised release, Francois must undergo sex-offender treatment and is prohibited from "view[ing], access[ing], possess[ing] or download[ing] any pornography involving adults, unless approved by the sex-offender-specific treatment provider" assigned to him. App. 79. On appeal, he challenges this prohibition on his ability to obtain adult pornography, arguing that it is overbroad and is not reasonably related to the goals of sentencing in his case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We ordinarily review a district court's decision to impose a condition of supervised release for abuse of discretion. *United States. v. Dupes*, 513 F.3d 338, 342-43 (2d Cir. 2008). But where the defendant-appellant failed, as here, to object to the condition at sentencing, we review the district court's decision to impose it for plain error. *Id.* at 343.[1] Plain error exists when "(1) there is an error; (2) that error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States. v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019).

Because non-obscene adult pornography is protected by the First Amendment, we recently held that "bans on possession of adult pornography as a condition of supervised release . . . must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019); *see also United States v. X-Citment Video, Inc*, 513 U.S. 64, 72 (1994). Moreover, "a condition prohibiting access to adult pornography must . . . impose no greater deprivation of liberty than reasonably necessary." *Id.*

---

[1] In certain circumstances, we conduct less stringent "plain error" review of a decision made during sentencing. As we have stated we "employ[ ] a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). Here Francois had sufficient prior notice: the condition ultimately imposed was included in his Pre-Sentence Report. *See Dupes*, 513 F.3d at 343 n. 2 (noting that when "the presentence report . . . recommended the conditions to which [defendant] failed to object and now challenges on appeal" the "relaxation of the plain error standard" is not warranted).

We conclude that the District Court did not plainly err in imposing the challenged condition. Although "we have routinely rejected bans on possession of adult pornography as a condition of supervised release where the district court failed adequately to connect the need for that condition to the defendant's likelihood of recidivism or to another sentencing factor," those cases involved complete bans. *Eaglin*, 913 F.3d at 99. The condition imposed in this case is distinguishable because here it does not function as a complete ban, but includes qualifying language permitting Francois to view adult pornography if his treatment provider authorizes him to do so.

Francois contends that this is a distinction without a difference, but we need not decide that issue here. Because imposition of this special condition allowing for a treatment provider to authorize an exception has never been held to be an error, and because "court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law," *United States v. Olano*, 507 U.S. 725, 734 (1993), the District Court's imposition of the special condition itself did not constitute plain error. In other words, the challenged condition is sufficiently different from the conditions previously held to be improper that any error is not obvious. As the arguments raised by both parties evidence, the issue is "subject to reasonable dispute." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted); *see also Balde*, 943 F.3d at 96.

Nor did the District Court plainly err when it failed to make findings on the record connecting the challenged condition to the applicable sentencing factors. The condition that Francois not view adult pornography "unless approved by" his treatment provider was one of several sub-conditions contained within the first "Special Condition[] of Supervision": that he "undergo a sex-offense-specific evaluation and participate in an outpatient sex offender treatment and/or outpatient mental-health treatment program." App. 88, 79. Because the condition challenged by Francois is a sub-part of the special condition imposing some form of treatment on him, and because the challenged condition is directly tied to the treatment program—allowing the treatment provider to determine if Francois may watch adult pornography—we conclude that any error by the Court in not including on the record factual findings that pertained directly to the adult pornography condition was also not an error that was obvious. *Marcus*, 560 U.S. at 262; *see also Balde*, 943 F.3d at 96.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the June 20, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3