19-268-cr
*United States v. Casey Dill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand twenty.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            JOSEPH F. BIANCO,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 *Appellee*,

                 -v-                                      19-268-cr

CASEY DILL,
                 *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                        TIFFANY H. LEE, Assistant United
                                     States Attorney, *for* James P. Kennedy,
                                     Jr., United States Attorney for the
                                     Western District of New York,
                                     Rochester, New York.

FOR DEFENDANT-APPELLANT:     JAY S. OVSIOVITCH, Assistant Federal Public Defender, *for* Marianne Mariano, Federal Public Defender for the Western District of New York, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Casey Dill appeals from a judgment of the district court entered January 22, 2019 convicting him, following a guilty plea, of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and sentencing him principally to 48 months' imprisonment and ten years of supervised release with special conditions of supervision. Dill challenges three special conditions of his supervised release: (1) the probation officer's supervision of his mental health and sex offender treatment programs; (2) aspects of the requirement that he submit to computer monitoring; and (3) the notification of risk condition (as revised by the standing order issued by the Western District of New York) permitting the probation officer to require Dill to notify third parties about the risk of additional criminal conduct.[1] Specifically, Dill argues that the conditions improperly delegate the district

---

[1] The judgment entered on January 11, 2019 contained the then-standard notification of risk provision. On January 25, 2019, this Court held that this standard notification of risk condition was too vague and afforded too much discretion to the probation officer. *See United States v. Boles*, 914 F.3d 95, 111-12 (2d Cir. 2019). On March 22, 2019, the Western District of

court's authority to the probation officer. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's imposition of conditions of supervised release for abuse of discretion. *See United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019). "When a challenge to a condition of supervised release presents an issue of law, however, we review the imposition of that condition *de novo*, bearing in mind that any error of law necessarily constitutes an abuse of discretion." *Id.* (internal quotation marks omitted). Where an objection was not raised in the district court, we review for plain error. *See United States v. Hendricks*, 921 F.3d 320, 326 (2d Cir. 2019). We may use our discretion to correct the unpreserved error "only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious . . . ; (3) the error affected the appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of the judicial proceedings." *United States v. Gasperini*, 894 F.3d 482, 487 (2d Cir. 2018) (internal quotation marks and alterations omitted). At sentencing, Dill challenged the condition relating to supervision of his treatment, and so we review this challenge for abuse of discretion. *See Boles*, 914 F.3d at 111. Because Dill failed to challenge the other conditions in the district court, however, we review them for plain error. *See Hendricks*, 921 F.3d at 326. We consider each challenge in turn.

New York issued an order "amend[ing] the Judgment and Commitment order in all criminal cases in which a term of probation or supervised release is imposed by removing the standard 'risk' condition and replacing it" with revised language. Appellant's Br. at 49.

I.       *Supervision of Dill's Mental Health and Sex Offender Treatment*

"The power to impose special conditions of supervised release . . . is vested exclusively in the district court." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). While the "district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion," it "may delegate to a probation officer decisionmaking authority over certain minor details of supervised release -- for example, the selection of a therapy provider or treatment schedule." *Id.*

Further, an individual on supervised release has a "diminished expectation of privacy." *United States v. Reyes*, 283 F.3d 446, 471 (2d Cir. 2002). We have held that a waiver of therapeutic confidentiality permitting a probation officer access to a defendant's mental health treatment records "well may advance [a defendant's] treatment," could "reasonably further public safety," and is not an abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 344-45 (2d Cir. 2008).

Dill argues that the condition providing that "[t]he probation officer will supervise the details of any testing and treatment, including the selection of a provider and schedule," is an improper delegation of the district court's authority because it gives the probation officer unfettered discretion in supervising his treatment. J. App'x at 94. We are unpersuaded. Entrusting a probation officer with authority to oversee "minor details" of supervised release, including selecting the "therapy provider" and setting the

"treatment schedule," is not an improper delegation.  *Matta*, 777 F.3d at 122; *see also*

*United States v. Young*, 910 F.3d 665, 671-72 (2d Cir. 2018) (holding no improper

delegation where district court unambiguously holds that treatment is mandatory but

leaves details of treatment to discretion of Probation Department).

Dill further argues that permitting the probation officer to "access his

treatment records" violates his privacy interests in his treatment and treatment records.[2]

Appellant's Br. at 17.  The argument fails.  We have previously upheld a condition of

supervised release requiring a defendant to waive confidentiality of records relating to

his sex offender treatment in the interest of public safety.  *See Dupes*, 513 F.3d at 344-45.

As in *Dupes*, here we do not find that allowing a probation officer access to records

"seriously affect[s] the fairness, integrity or public reputation of the judicial

proceedings."  *Id.* at 345.  Accordingly, we find that the district court did not abuse its

discretion when it imposed the condition authorizing the probation officer to "supervise

the details" of Dill's treatment.  J. App'x at 94.

II.    *Computer Monitoring*

Dill argues that the special condition imposing monitoring requirements

on his computer usage is an improper delegation of the district court's authority,

---

[2]    In passing, the district court seemed to say that the probation officer could attend Dill's therapy sessions.  The district court appeared, however, to be entertaining the notion as a hypothetical matter and, in any event it did not include in the written judgment authorization for the probation officer to attend Dill's therapy sessions.  We do not construe the judgment as authorizing the probation officer to do so.

making his liberty contingent on the probation officer's exercise of discretion, as well as an infringement of his First Amendment rights. We disagree.

While we have held that "citizens have a First Amendment right to access the Internet," *United States v. Eaglin*, 913 F.3d 88, 96 (2d Cir. 2019), we have also held that a defendant may be required, in certain circumstances, to submit to a computer monitoring program, *see United States v. Browder*, 866 F.3d 504, 512 (2d Cir. 2017).

Here, the condition in question provides that "[Dill] shall not use or possess any computer . . . unless [he] participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office." J. App'x at 94. The operative deprivation of liberty -- a restriction on computer usage -- is ordered by the district court, not the probation officer. *See Matta*, 777 F.3d at 122. Moreover, while a probation officer may grant Dill access to a computer, Dill can also gain access by participation in the CIMP or by authorization from the district court. Thus, the condition in question does not constitute an improper delegation of the district court's authority.

Dill further argues that requiring him to pay the cost of monitoring services infringes on his First Amendment right to access and communicate on the internet because he may be unable to pay such costs. Dill argues that although prior to his arrest he earned $70,000 a year as an engineer, his employment options after his release are unknown. The record is, however, silent as to how much monitoring would

cost, and Dill provides no guidance even as to a range of costs. Because "the record before us did not establish [that the cost of monitoring would be prohibitive] as a matter of fact," we need not reach whether the condition is "illegitimate as a matter of law." *Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 232 (2d Cir. 2006), *abrogated on other grounds by Bond v. United States*, 564 U.S. 211 (2011). And if circumstances should change such that the cost of monitoring were to become prohibitive, Dill can always return to the district court to request a modification of the condition. Accordingly, we find no plain error in the district court's imposition of the condition.

III.     *Notification of Risk Requirement*

Dill argues that the risk notification condition, even as amended by the standing order, gives the probation officer too much discretion in determining who should be notified about a risk Dill may pose. This argument is, however, unripe. *See United States v. Traficante*, No. 18-1962, 2020 WL 4032220, at *5 (2d Cir. July 17, 2020) (declining to rule on challenge to third-party risk notification condition, as amended by standing order, noting that "while it could be argued that the standing order contemplates vesting the probation officer with a degree of discretion that is inconsistent with our holding in *Boles*, such a challenge . . . [is] unripe, since the ostensibly improper delegation may never actually occur"). Accordingly, we decline to reach this challenge.

*     *     *

We have considered Dill's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court