24-2532-cr
United States v. Concepcion

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty-six.

PRESENT: DENNIS JACOBS,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 24-2532-cr

JESUS CONCEPCION,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, VT

FOR APPELLEE: CAMILLE L. FLETCHER (Alexandra S. Messiter, Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Jesus Concepcion appeals from the September 11, 2024[1] judgment of the United States District Court for the Southern District of New York (Preska, *J.*) convicting him, following his plea of guilty, of five counts of enticing a minor for the purpose of engaging in illegal sexual activity, four counts of transporting a minor for that purpose, and one count of traveling for the same, in violation of 18

---

[1] Concepcion's notice of appeal indicates that final judgment was entered on September 10, 2024. *See* App'x 192. Although Concepcion was sentenced on that date, judgment was entered on September 11, 2024.

U.S.C. §§ 2422 and 2423. The District Court sentenced Concepcion principally to a term of thirty years' imprisonment to be followed by ten years of supervised release. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I. Procedural Unreasonableness

Concepcion argues that his thirty-year sentence is procedurally unreasonable because the District Court failed to meaningfully consider "the need to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), as a factor in imposing his sentence, and in any event failed to state its reasons as to that factor. We agree with the Government that Concepcion waived this argument. In his sentencing memorandum, Concepcion specifically conceded that "a below [G]uidelines sentence . . . in this case will not create any sentenc[e] disparities." App'x 63. He thus waived the argument that the District Court did not appropriately consider sentence disparities when it imposed a below Guidelines sentence. *See United States v. Barrett*, 102 F.4th 60, 86 (2d Cir. 2024) (citing *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007)).

3

Even absent waiver, we would review Concepcion's claim for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). The District Court did not err, let alone plainly err. At sentencing, the District Court indicated that it had reviewed the presentence report, which described nationwide sentence disparities. The court then took "all [§ 3553(a)] factors into account," including § 3553(a)(6), which it determined was "not that relevant here." App'x 170. The District Court informed Concepcion "of the reasons for the particular sentence" it imposed, but it was not required to discuss each and every § 3553(a) factor. *Verkhoglyad*, 516 F.3d at 131, 133; *see* App'x 164–70.

Concepcion also argues that the District Court erred procedurally in failing to consider his post-arrest conduct. Because Concepcion raises this argument for the first time on appeal, we review for plain error. Contrary to Concepcion's argument, the District Court clearly considered and referred to his post-arrest conduct. The District Court was under no obligation to give Concepcion credit for that conduct.

## II. Substantive Unreasonableness

Concepcion's substantive reasonableness challenge to his below-Guidelines sentence relies on the same arguments that he advances to support

4

his procedural challenge. These arguments fare no better here. "We review the substantive reasonableness of a . . . sentence under a deferential abuse-of-discretion standard." *United States v. Gates*, 84 F.4th 496, 504–05 (2d Cir. 2023) (quotation marks omitted). Concepcion's sentence was neither "shockingly high" nor "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). The District Court explained that Concepcion had committed "one of the most serious offenses we come across in this Court." App'x 169. The court thus acted well within its discretion in determining that "the seriousness of the offense" together with the need "to provide adequate punishment," "protect the public from further crimes of this defendant," and "for adequate public deterrence" warranted a significant sentence. App'x 170; *see United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

### III. Special Condition of Supervised Release

Last, Concepcion contests the District Court's imposition of a special condition of supervised release that prohibits him from contacting minors without his probation officer's permission. Because he has a minor daughter and minor step-grandchildren, Concepcion contends, "a more thorough justification" by the District Court was required, and delegation of decision-making authority

5

to the Probation Department was improper.  Appellant's Br. 42 (citing *United States v. Myers*, 426 F.3d 117, 125–26 (2d Cir. 2005)).  We apply plain error review to this challenge.  S*ee United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008).  We perceive no plain error here, particularly where the special condition does not restrict Concepcion's contact with his daughter or step-grandchildren, who will be adults by the time Concepcion's term of imprisonment is scheduled to end.

## CONCLUSION

We have considered Concepcion's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court