United States v. Pellistri

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty.

PRESENT:   GUIDO CALABRESI,
                    RICHARD C. WESLEY,
                    JOSEPH F. BIANCO,
                                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                                                    19-1439-cr

                    v.

GARY PELLISTRI, JR.,

                    *Defendant-Appellant.*

_____

For Appellee:                              Andrew D. Beaty, Assistant United
                                                  States Attorney, *for* Grant C. Jaquith,
                                                  United States Attorney for the Northern
                                                  District of New York, Syracuse, NY.

For Defendant-Appellant:          Molly K. Corbett and James P. Egan,
                                                  Assistant Federal Public Defenders, *for*
                                                  Lisa A. Peebles, Federal Public
                                                  Defender, Northern District of New
                                                  York, Albany, NY.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and **REMANDED** for further proceedings.

Defendant-Appellant Gary Pellistri, Jr., appeals from a judgment of conviction entered on May 9, 2019 following Pellistri's guilty plea for attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). Pellistri challenges the length of his supervised release and four of the special conditions of supervised release imposed on him—namely, special conditions three and four, which place limits on Pellistri's ability to be in locations where minors are likely to be present or for the purpose of viewing minors; special condition 11, which requires Pellistri to participate in a substance abuse program; and special condition 13, which prohibits alcohol use. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### I. Lifetime Supervised Release

Pellistri argues that the district court's imposition of a life term of supervised release was unreasonable. Although Pellistri did not explicitly state whether he is challenging the procedural and/or substantive reasonableness of the sentence, we address both given the nature of his arguments.

#### A. Procedural Reasonableness

Where, as here, a defendant fails to raise a procedural objection at sentencing, we review those claims for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

Under the plain error standard, Pellistri bears the burden of showing: (1) there was an error; (2) the error is "clear or obvious, rather than subject to reasonable dispute;" (3) "the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings;" and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (quotation marks omitted and alteration in original).

We conclude that the district court's sentence of a life term of supervised release was procedurally reasonable. Pellistri argues that the district court committed procedural error because it failed to adequately explain its reasons for imposing a life term of supervised release and inappropriately stated that it was "compensat[ing] for any potential error" in the district court's judgment to impose a below-Guidelines incarceratory sentence. Pellistri Br. at 12.

We disagree. District courts are required to consider certain factors set forth in 18 U.S.C. § 3553(a) when determining the length of a term of supervised release. *See* 18 U.S.C. § 3583(c). "Absent record evidence suggesting the contrary, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors, and have steadfastly refused to require judges to explain or enumerate how such consideration was conducted." *United States v. Olsen*, No. 19-1104-cr, 2020 WL 1514742, at *1 (2d Cir. Mar. 30, 2020) (summary order) (quoting *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015)). Applying that presumption here, we find that the district court considered the applicable Section 3553(a) factors and stated "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). At sentencing, the district court noted that Pellistri had a history of conduct directed at young, prepubescent girls and that it was "extraordinarily concerned" about other allegations of conduct with minors reflected in the presentence report ("PSR") that "fit the very profile of what [Pellistri] did in this

case." App'x at 86-88. Based on its assessment, the district court concluded that a life term of supervised release was "absolutely warranted" because he posed "a real threat to young females." App'x at 87-88. When understood as part of the district court's broader discussion of the seriousness of Pellistri's offense and his pattern of similar behavior, the district court's explanation for its imposition of a life term of supervised release was sufficient.

We also reject Pellistri's argument that the district court's statement that it was "compensat[ing] for any potential error," App'x at 88, violated Section 3553(a)'s parsimony clause because that statement does not suggest that the district court understood the term of supervised release to be greater than necessary. Instead, while imposing a 15-year term of imprisonment that was substantially below the Sentencing Guidelines range of 360 months' to life imprisonment, the district court determined that, when the defendant was no longer incarcerated, a life term of supervision (with the accompanying special conditions) was necessary to adequately protect the public. Therefore, we hold that the district court committed no procedural error by imposing a life term of supervised release.

### B. Substantive Reasonableness

We review sentences for substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) ("[O]ur standard is reasonableness, a particularly deferential form of abuse-of-discretion review . . . ." (quotation marks omitted)). A sentence is substantively unreasonable "only if it cannot be located within the range of permissible decisions." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quotation marks omitted). As we have observed before, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in

4

the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338, 364 (2007).

We also reject Pellistri's challenge to the substantive reasonableness of his term of supervised release. In this case, the Sentencing Guidelines call for a life term of supervised release. *See* U.S.S.G. § 5D1.2(b)(2) & cmt. 1. However, we have emphasized that "[t]he fact that the Sentencing Guidelines recommend a lifetime term of supervised release does not, of course, suffice to make [a defendant's] sentence reasonable." *United States v. Hayes*, 445 F.3d 536, 537 (2d Cir. 2006) (citing *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir. 2005)). Moreover, "the severity of a life sentence of supervised release justifies a closer look at the district court's decision to impose such a sentence." *United States v. Brooks*, 889 F.3d 95, 101 (2d Cir. 2018). Here, there was a more than adequate basis to support the life term of supervised release given the gravity of the instant offense involving an attempt through online communications to entice a 13-year-old girl to engage in sexual activity, as well as a history of similar behavior towards minors. *See also, e.g.*, *Hayes*, 445 F.3d at 537 (holding that a life term of supervised release was reasonable where defendant transported child pornography). Therefore, the district court's imposition of a life term of supervised release was not substantively unreasonable.

**II.     Special Conditions**

Pellistri argues that we should vacate four of the special conditions imposed upon him, specifically, special conditions three and four, which place limits on Pellistri's ability to be in locations where minors are likely to be present or for the purpose of viewing minors; special condition 11, which requires Pellistri to participate in a substance abuse program; and special condition 13, which prohibits alcohol use.

5

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123-25 (2d Cir. 2005). Nevertheless, a district court's discretion to impose special conditions is not "untrammelled," and we will "carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (quotation marks omitted).

When determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . , and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. However, even when the district court does not provide such an explanation, the condition at issue can be upheld "if the district court's reasoning is self-evident in the record." *Id.* (quotation marks omitted). Because Pellistri received notice of these conditions prior to sentencing and failed to object to them, we review the district court's imposition of these special conditions for plain error.[1] *See United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008).

---

[1] Pellistri argues that plain error review is inapplicable because the special conditions were not included in the PSR. Pellistri Br. at 17 (citing *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003)). We have previously applied plain error standards less rigorously in cases where the

6

## A. Contact with Minors

Pellistri requests vacatur of special condition three, which states that Pellistri "must not go to, or remain at, any place where [he] know[s] children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities without the permission of the probation officer,"[2] and special condition four, which states that Pellistri "must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18." App'x at 95. Pellistri argues that these conditions are overly broad and unconstitutionally vague. His argument is not persuasive.

We recently affirmed identical special conditions *Olsen*. 2020 WL 1514742, at *1-2. The reasoning in that case—where the defendant was convicted of sexual exploitation of a child—applies with equal force here, where the defendant was convicted of attempting to lure a minor across state lines to engage in sexual acts with her. Moreover, as discussed *supra*, the district court noted that Pellistri has a history of exhibiting inappropriate sexual behavior towards minors. At sentencing, the court noted that the offense at issue in this case and Pellistri's history of inappropriate behavior towards minors warranted a need to protect the public from the

---

PSR failed to give the defendant notice that the condition of supervised release might be imposed. *See, e.g.*, *Dupes*, 513 F.3d at 343. However, Pellistri had prior notice of the special conditions that the district court intended to impose via a court exhibit, Gov. App'x at 1, and had an opportunity to object to them in advance of sentencing, at the time his sentence was imposed, and afterwards, *see* App'x at 89 (defense counsel reserving right to object to conditions of supervised release during the week after sentencing). He did not do so. Therefore, it is Pellistri's burden to demonstrate plain error. *See Dupes*, 513 F.3d at 343 & n.2 ("In this case, the presentence report, which Dupes reviewed with counsel, recommended the conditions to which he failed to object and now challenges on appeal. We see no circumstances warranting the relaxation of the plain error standard in this case.").

[2] We have previously treated the phrase "likely to be" as synonymous with the phrase "likely to congregate." *See United States v. MacMillen*, 544 F.3d 71, 75 (2d Cir. 2008). We view the two phrases as having the same meaning here.

7

defendant.  Therefore, we find these special conditions are narrowly tailored to "involve no greater deprivation of liberty than is reasonably necessary" to achieve that goal.  *See* U.S.S.G. § 5D1.3(b); *see also Olsen*, 2020 WL 1514742, at *1-2.  Moreover, as set forth in *Olsen*, these conditions provide a defendant with sufficient notice as to what conduct is prohibited and, thus, the unconstitutional vagueness challenge fails.  *See Olsen*, 2020 WL 1514742, at *2 (holding that identical conditions were not unconstitutionally vague).

## B.      Substance Abuse Program

Pellistri next challenges special condition 11, requiring him to participate in a substance abuse program.  The Sentencing Guidelines specifically provide that, if the court has reason to believe that the defendant has a drug or alcohol problem, special conditions requiring that the defendant participate in abuse programs that include testing for those substances to ensure abstinence are appropriate.  U.S.S.G. § 5D1.3(d)(4).  We have previously vacated special conditions requiring participation in substance abuse programs where the conditions were not "reasonably related to the circumstances of [the defendant's] offense" and there was no history of substance abuse.  *See United States v. Mears*, 758 F. App'x 92, 96 (2d Cir. 2018).  In this case, Pellistri admitted that he began using marijuana approximately weekly in his late twenties and continued until the time of his arrest.  Therefore, given that defendant has a history of using illegal drugs, the district court did not plainly err in requiring the defendant to participate in a substance abuse program.  *See Betts*, 886 F.3d at 202.[3]

---

[3] Although this condition is warranted based upon the record before the district court at sentencing, the Court recognizes that the defendant's rehabilitation in jail, as well as potential future changes to federal and state laws with respect to marijuana use, could materially impact whether this condition will still be necessary by the time the defendant serves his 15-year term of imprisonment and is placed on supervised release.  However, the procedural mechanism for

8

## C. Use of Alcohol

Finally, both the defendant and the Government agree that the district court did not adequately articulate its reasons for imposing special condition 13: that Pellistri refrain from the use of alcohol. Nor is the district court's reasoning self-evident in the record—which indicates only that Pellistri drank alcohol once or twice per month at most. Pellistri's underlying crime did not involve the use of alcohol, and the district court was not presented with "any evidence suggesting that defendant ever seriously abused alcohol." *Id.* at 202-03 (vacating special condition banning all alcohol use where none of the defendant's underlying conduct involved the use of alcohol). Thus, we conclude that the special condition banning all alcohol use for life is not reasonably related to any of the factors outlined in Section 5D1.3(b) and necessitates vacatur. Accordingly, the district court's imposition of special condition 13 is vacated, and the case is remanded for further consideration. Upon remand, the district court should either articulate individualized reasons for imposing special condition 13 or remove that special condition.

We have considered Pellistri's remaining arguments and conclude they are without merit. Accordingly, judgment of the district court is **AFFIRMED** in part and **VACATED** in part and **REMANDED** for further consideration.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

addressing any such changed circumstances would be for the defendant to seek modification of the special condition in the district court at that time.

9