22-749
*United States v. Garcia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                     No. 22-749

JOHNNY NUNEZ GARCIA,

> *Defendant-Appellant.*\*

———————————————————————

———————————————

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

|  |  |
|---|---|
| **For Defendant-Appellant:** | ROBIN C. SMITH, Law Office of Robin C. Smith, Esq., P.C., Mill Valley, CA. |
| **For Appellee:** | NATHAN REHN, (Frank Balsamello, Adam S. Hobson, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 29, 2022 judgment of the district court is **AFFIRMED**.

Johnny Nunez Garcia appeals from his sentence following his guilty plea to one count of committing a crime of violence in furtherance of a racketeering enterprise that resulted in death, in violation of 18 U.S.C. §§ 1952 and 2, for which he received a sentence of 200 months' imprisonment. Specifically, Garcia contends that the district court violated his rights under the Second Amendment by imposing a standard condition of supervised release that prohibits him from "own[ing], possess[ing], or hav[ing] access to a firearm, ammunition, destructive device, or dangerous weapon." App'x at 169. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Where a defendant fails to raise a challenge to the conditions of supervised release before the district court at sentencing, we review the new challenge for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008); *see also United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018) (reviewing unpreserved argument that statute was unconstitutional for plain error). Under the plain error standard, the appellant must show that there has been "(1) an error, (2) that is plain[,] and (3) that affects substantial rights." *Dupes*, 513 F.3d at 343; *see also United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020) ("The burden is on the appellant to meet this [plain-error] standard."). A district court does not plainly err "where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted). We thus reverse for plain error "sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

Although Garcia did not object to any of the conditions of supervised release at his sentencing, he now argues for the first time on appeal that the district court improperly imposed the standard condition of supervision that bars him from

3

"own[ing], possess[ing], or hav[ing] access to a firearm, ammunition, destructive device, or dangerous weapon." Garcia Br. at 9; App'x at 169. According to Garcia, this condition, which mirrors the prohibition codified in 18 U.S.C. § 922(g)(1), does not align with the "plain text" of the Second Amendment or "the historical tradition that delimits the outer bounds of the right to keep and bear arms." Garcia Br. at 10 (internal quotation marks omitted).

Whatever the merits of this argument, we need not resolve it here. That is because Garcia's failure to object to this condition at sentencing requires him to demonstrate plain error, *see Dupes*, 513 F.3d at 343; *see also Dussard*, 967 F.3d at 156, which Garcia cannot do given that neither this Court nor the Supreme Court has addressed whether the imposition of a standard condition prohibiting a supervisee from possessing a firearm violates the Second Amendment. Nor has either court decided the constitutionality of section 922(g)(1) in the wake of the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Absent such clear and binding precedent, we cannot say that the district court plainly erred by imposing the standard condition of supervised release that prohibits Garcia from owning or possessing a firearm.

4

\* \* \*

We have considered Garcia's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court