24-1706-cr
*United States v. Love*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                   24-1706-cr

THOMAS LOVE,

      *Defendant-Appellant*.\*

_____

FOR APPELLEE:                    Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, New York.

---

\* The Clerk of the Court is respectfully directed to amend the caption on this Court's docket to be consistent with the caption on this order.

FOR DEFENDANT-APPELLANT:                    Molly K. Corbett, Assistant Federal Public Defender, *for* Office of the Federal Public Defender, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 21, 2024, is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this summary order.

Defendant-Appellant Thomas Love appeals from the district court's judgment of conviction following his guilty plea, pursuant to a plea agreement, to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  Following his guilty plea, the district court sentenced Love principally to a term of 121 months' imprisonment, to be followed by a 20-year term of supervised release.  On appeal, Love argues that his sentence was substantively unreasonable and that the district court abused its discretion by imposing certain special conditions of supervision, namely, (1) limiting him to the possession of a single internet-capable device, and (2) requiring him to notify his employer of his conviction if the employment involves use of a computer and to obtain approval for such employment from the United States Probation Office (the "Probation Office").  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.      Substantive Reasonableness

Love argues that his 121-month sentence, which was below his advisory range of 151 to 181 months under the United States Sentencing Guidelines ("Guidelines"), was substantively unreasonable.  In particular, Love asserts that, "[w]hile [he] received a sentence below the

2

[G]uidelines (albeit correctly calculated), that sentence was still unreasonable because the district court gave no indication that it considered the [G]uidelines' flaws." Appellant's Br. at 23. We disagree.

We review a challenge to the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). Under this deferential standard, "we do not consider what weight we would ourselves have given a particular factor [at sentencing]. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Id.* at 191 (internal citation omitted). A sentence is therefore substantively unreasonable only if "affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). Moreover, we have emphasized that, because in "the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," in most circumstances, it is "difficult to find that a below-Guidelines sentence is unreasonabl[y severe]." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (internal quotation marks and citation omitted).

Here, we discern no abuse of discretion in the district court's imposition of the 121-month sentence after its consideration of the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the district court relied heavily on "the nature and circumstances of the offense" and the seriousness of Love's criminal conduct. App'x at 102; *see* 18 U.S.C. § 3553(a)(1)–(2)(A). For example, the district court noted that the defendant possessed "over 300 images of child

3

pornography," including images "portray[ing] sadistic conduct and other depictions of violence or sexual abuse." App'x at 102. The district court further emphasized that Love distributed at least some of the child pornography he possessed. The district court thus determined that the 121-month sentence "[was] sufficient, but not greater than necessary to meet the goals of sentencing outlined in [Section 3553(a)]." *Id*. Given the seriousness of Love's conduct and the danger that such conduct poses to the public, we conclude that the Section 3553(a) factors upon which the district court relied "can bear the weight assigned [them] under the totality of circumstances in the case," *Cavera*, 550 F.3d at 191, and the 121-month sentence was not "shockingly high . . . or otherwise unsupportable as a matter of law," *Park*, 758 F.3d at 200 (internal quotation marks and citation omitted).

Love argues that the district court's sentence is substantively unreasonable because the court gave no indication that it considered the flaws in the application of Guidelines Section 2G2.2 governing child pornography offenses. We find this argument unpersuasive. To be sure, we have cautioned that Section 2G2.2 "is fundamentally different from most and that, unless applied with great care, [it] can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010); *accord United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017). Indeed, Section 2G2.2 can produce sentencing ranges "rapidly approaching the statutory maximum, based solely on sentencing enhancements that are all but inherent to the crime of conviction." *Dorvee*, 616 F.3d at 186. However, "this Court presumes that the sentencing judge has considered all relevant [Section] 3553(a) factors and arguments unless the record suggests otherwise." *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020); *see also United States v. Griswold*, No. 23-7806-cr, 2024 WL 4601448, at *2 (2d Cir. Oct. 29, 2024) (summary order) (explaining that the district court is not "required to explain its reasoning

4

for rejecting a challenge to the merits of a Guidelines provision") (citing *United States v. Thomas*, 628 F.3d 64, 72 (2d Cir. 2010)). Here, the district court noted that it reviewed the parties' sentencing submissions, and there is no basis on this record to suggest that the district court did not consider Love's arguments in his written sentencing submission regarding the flaws in Section 2G2.2 as outlined in *Dorvee*. Indeed, the district court ultimately imposed a 121-month sentence that was 30 months *below* the Guidelines range and fell "well short of the statutory maximum" of 240 months. *United States v. Aumais*, 656 F.3d 147, 157 (2d. Cir. 2011). In short, the concerns we expressed in *Dorvee* provide no grounds for concluding the 121-month sentence in this case was substantively unreasonable.

We similarly find unpersuasive Love's claim that the district court failed to adequately consider other mitigating factors, including Love's argument regarding his reduced risk of recidivism. As a threshold matter, the district court expressly noted its consideration of mitigating factors, such as "[his] family ties, his employment history, his mental and emotional condition, [and] his substance abuse history," as well as the fact that "[t]he instant offense represent[ed] [his] first felony conviction." App'x at 102. In any event, the district court was not required to address every potential mitigating factor nor, as Love further suggests, was it required to specifically address "why a sentence at the requested mandatory minimum of 60 months would not satisfy" the need to protect the public. Appellant's Br. at 17; *see Rosa*, 957 F.3d at 118 (emphasizing that we have "never required a district court to explain in open court why any particular unselected sentence would be inappropriate"). At bottom, Love's argument reflects a disagreement with the district court's weighing of certain Section 3553(a) factors. However, given the overall reasonableness of the sentence, such a disagreement does not demonstrate an abuse of discretion. *See United States v. Davis*, 82 F.4th 190, 203 (2d Cir. 2023) ("[T]he weight to be afforded any

sentencing factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, so long as the sentence ultimately imposed is reasonable." (internal quotation marks and citation omitted)).

Accordingly, we conclude that the sentence was substantively reasonable.

## II.    Special Conditions of Supervised Release

Love also argues that the district court erred in imposing special conditions of supervised release that:  (1) limited him to possessing one internet-capable device unless the possession of additional devices is approved by the court (Special Condition 12); and (2) required him to notify his employer of his conviction if the employment requires the use of a computer and to obtain approval for such employment from the United States Probation Office (Special Condition 13).

We generally review the imposition of a special condition of supervised release for abuse of discretion.  *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008).  However, when a defendant does not object to the imposition of the special condition at sentencing, we review for plain error.  *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007).  Under the plain error standard, we consider whether:  "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (internal quotation marks and citation omitted).

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  A district court may impose special conditions if they are "reasonably related" to:  "(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford

6

adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5D1.3(b)(1); *accord* 18 U.S.C. §§ 3553(a), 3583(d)(1). "[A] condition may be imposed if it is reasonably related to any one or more of the specified factors." *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995). Further, a special condition must "involve no greater deprivation of liberty than is reasonably necessary" for those purposes, and it must be "consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b)(2); *accord* 18 U.S.C. § 3583(d)(2)–(3); *United States v. Myers*, 426 F.3d 117, 125 (2d Cir. 2005). Thus, a district court's discretion to impose special conditions is not unfettered, and we "will carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks and citation omitted). Moreover, when determining whether to impose special conditions, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202. If the district court does not provide such an explanation, the condition at issue can be upheld "only if the district court's reasoning is self-evident in the record." *Id*. (internal quotation marks and citation omitted).

Both Love and the government agree, and, as set forth below, our review of the record confirms that the district court did not adequately articulate its reasons for imposing the challenged portions of Special Conditions 12 and 13.

## A. The One Internet-Capable Device Restriction

Special Condition 12 requires Love to participate in the Internet and Computer Monitoring Program ("ICMP"), which allows the Probation Office to monitor any computer, data storage device, or any internet capable device possessed and used by Love, through hardware and software

installed on those devices. As part of that special condition, and over Love's objection, the district court directed that, "[u]nless otherwise approved by the Court, [Love] must be limited to possessing one personal internet-capable device to facilitate the US Probation Office's ability to effectively monitor [his] internet-related activity." App'x at 110.

In *United States v. Kunz*, 68 F.4th 748 (2d Cir. 2023), we explained that "a restriction limiting a supervisee to just one internet-connected device would pose a significant burden on his liberty, and therefore would need to be imposed by the court and justified by particularized on-the-record findings." *Id*. at 767. However, we emphasized that we were not suggesting that "such a severe restraint on internet access could never be warranted, but rather that it would require particularized justification by the court." *Id*.

Here, the district court did provide justifications for the one-device limitation, noting that (1) Love "used multiple devices as well as multiple social media or communications applications and sanitized or false usernames to receive and distribute child pornography," and (2) given his use of multiple accounts and devices, allowing him to possess "more than one internet-capable device is likely to cause a challenge to the effective supervision of [his] internet use." App'x at 93. However, in reaching this determination, the district court failed to consider one of Love's principal arguments against the imposition of this limitation, namely, that the Probation Office, utilizing its ICMP program, could monitor multiple internet devices just as easily as it could monitor a single device. As the government concedes, if Love's assertion is correct, "the one-device restriction would be unnecessary to properly supervise [him] and would cause a greater deprivation of liberty than required." Appellee's Br. at 31. Indeed, the government further acknowledges that it "has learned that technological improvements to probation's monitoring capabilities have enhanced its ability to monitor multiple devices simultaneously, a fact of which

8

the district court may not have been aware at the time it imposed the condition." *Id*. Accordingly, we agree with the parties that the one-device restriction in Special Condition 12 should be vacated and the action remanded to allow the district court to determine whether this restriction is reasonably necessary, especially in light of this new information provided by the government, and, if so, to provide additional justification for reimposing such a restriction.

## B. Employer-Notification Provision

Special Condition 13 provides that, "[i]f [Love's] employment requires the use of a computer, [he] may use a computer in connection with the employment approved by the probation officer, at [his] place of employment, provided he notif[ies] [his] employer of: (1) the nature of [his] conviction; and (2) the fact that [his] conviction was facilitated by the use of the computer." App'x at 121. The condition further states that compliance with the notification requirement will be confirmed by the Probation Office. In imposing this special condition, the district court provided the following explanation: "[S]pecial condition 13 is necessary in order to protect the public from further crimes of the defendant. Due to advancing technology, the Court notes it is unlikely that upon the defendant's release, he will encounter employment which does not somehow allow him access to a computer." *Id*. at 105–06. As conceded by the government, we conclude that the district court plainly erred in imposing this special condition based only upon that justification.

The imposition of occupational restrictions as a special condition of supervised release, like the condition here, is limited to circumstances where "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction" and the "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue

9

to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5(a). Thus, in *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), we vacated the same condition at issue here because "the relationship between the restrictions on [the defendant's] employment and [his] offense and circumstances [wa]s not readily apparent." *Id*. at 195; *see also United States v. Ruff*, 795 F. App'x 6, 8 (2d Cir. 2019) (summary order) (vacating an employer-notification provision on plain error review where the defendant had "only ever held employment in the food services industry" and there was "no evidence that he [had] used a workplace computer to access child pornography").

Here, as the government concedes, "the [district] court did not . . . explain what, if any, connection existed between Love's employment and his offense of conviction." Appellee's Br. at 32. Moreover, the additional reasoning necessary to demonstrate the individualized need for this condition is not self-evident from the record. *Betts*, 886 F.3d at 202. In particular, there is nothing in the record to indicate that Love used a work computer to commit his crime, nor is there any evidence that his crime was connected to his occupation. Therefore, we conclude that the district court failed to sufficiently explain why the imposition of Special Condition 13 was warranted in light of the limitations set forth in Section 5F1.5(a) and our decision in *Jenkins*. Accordingly, we vacate Special Condition 13 and remand the case for further consideration. Upon remand, as with the one-device limitation imposed in Special Condition 12, the district court should articulate additional individualized reasons if it determines that the reimposition of Special Condition 13 is warranted.

*     *     *

We have considered Love's remaining arguments and conclude that they are without merit. Accordingly, we **VACATE** the judgment of the district court as to Special Conditions 12 (as to the one-device limitation) and 13, **AFFIRM** the judgment in all other respects, and **REMAND** the case for further proceedings consistent with this summary order as to Special Conditions 12 and 13.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11